IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LUIS A. DIAZ, | |
| Petitioner, | CIVIL ACTION NO.: 2:22-cv-51 |
| v. | |
| WARDEN FIKES, | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner Luis Diaz ("Diaz"), who is currently incarcerated at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss,[1] Diaz filed a Response, and Respondent filed a Reply. Docs. 6, 10, 11. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Diaz's § 2241 Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I also **RECOMMEND** the Court **DENY** Diaz *in forma pauperis* status on appeal.

### BACKGROUND

Diaz was convicted in the District Court for the Southern District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and was sentenced to 240 months' imprisonment. Doc. 6-1 at 7. He has a projected release date of August 18, 2031, via good conduct time release. Id. As a result of disciplinary hearing proceedings based on a Code 113 charge for possession of alcohol, Diaz

---

[1] The docket entry states Respondent filed a Motion to Dismiss, but the actual submission is entitled "Response to Order to Show Cause." Doc. 6.

was sanctioned with the loss of 41 days' good conduct time, 14 days' disciplinary segregation, and 90 days' commissary restriction.  Doc. 1 at 2, 12.

## DISCUSSION

In his Petition, Diaz asserts he was not afforded due process because he was not provided a staff interpreter during the initial investigation process.  Id. at 7.  Diaz states Bureau of Prisons' ("BOP") policy requires an inmate receive assistance from an interpreter during the initial investigation process.  Id. at 8.

**I.  Whether Diaz's Due Process Rights Were Violated**

Respondent avers Diaz's due process rights were not violated during the disciplinary proceedings, as he received all procedural protections he was due and the DHO's (Disciplinary Hearing Officer) decision is supported by "some evidence."  Doc. 6 at 2, 3–10.

**A.  Disciplinary Proceedings**

To determine whether Diaz's right to due process was violated, the Court must determine what process was owed to Diaz.  A prisoner has a protected liberty interest in statutory good time credits and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied.  O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.[2]  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit has determined

---

[2]     Respondent notes Wolff also requires an inmate facing disciplinary charges have an impartial hearing body and assistance for illiterate inmates or in complex cases.  Doc. 6 at 4 (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)).  While this is an accurate statement from Wolff, the Court need not address these other two requirements here.  These factors are not material to the resolution of Diaz's

an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Diaz was charged on June 23, 2021, with possession of drugs or alcohol, in violation of Code 113, based on allegations a container of homemade alcohol was found inside a hole in his cell. Doc. 6-1 at 3. A correctional staff member prepared an incident report, and Diaz was given a copy of the incident report on June 24, 2021. Id.; Doc. 1 at 15. After the Unit Discipline Committee ("UDC") referred the matter, DHO Kim Humphrey conducted a disciplinary hearing on July 6, 2021. Doc. 6-1 at 3. Diaz waived his right to staff representation and did not present any documentary evidence or call any witnesses; however, Diaz had a staff translator during the hearing to ensure he understood the proceedings. Id.; Doc. 1 at 11. Prior to the hearing, Diaz was advised of his rights before the DHO on June 28, 2021. Doc. 6-1 at 3; Doc. 1 at 10. DHO Humphrey concluded the greater weight of the evidence supported a finding Diaz committed the prohibited act of possession of alcohol, in violation of Code 113. Doc. 6-1 at 4; Doc. 1 at 12.

As set forth in the attachments to Respondent's pleading, the record clearly reflects Diaz received the required due process protections. An incident report was issued on June 23, 2021, and Diaz received this incident report the next day. Doc. 6 at 5; Doc. 6-1 at 4. Diaz was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on June 28, 2021. Doc. 6-1 at 10. He received a DHO hearing on July 6, 2021. Id. Diaz attended the hearing, and his rights were again read and reviewed with him. Diaz declined to have a staff

---

claims, and the Eleventh Circuit does not require this analysis under due process challenges to disciplinary proceedings. See Sussman v. Sec'y, Dep't of Corr., No. 22-10724-F, 2022 WL 4014234, at *1 (11th Cir. June 3, 2022) (noting an inmate subject to disciplinary proceedings is entitled to, at a minimum, advance written notice of charges, an opportunity to present witnesses and documentary evidence, and a written statement of findings). If the Court were to consider these two additional requirements, however, it would agree with Respondent's assessment. Doc. 6 at 6–7.

representative and did not wish to present evidence or witnesses. Id. at 10, 11. Following the hearing, DHO Humphrey detailed her factual and legal conclusions, and Diaz was provided with the DHO's written report on August 24, 2021. Id. at 4, 12. Thus, the well-documented evidence unequivocally demonstrates Diaz received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact. See Sparks v. Laughlin, CV 316-090, 2017 WL 988139, at *2–3 (S.D. Ga. Feb. 16, 2017) (noting due process only requires advance written notice of charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the DHO outlining evidence relied on and reasons for disciplinary action). The Court does address Diaz's contention he was not provided a translator as part of its due process analysis.

      **B.     Provision of Translator**

Diaz contends he was not afforded a translator during the investigative process. Doc. 1 at 7. "A criminal defendant is denied due process when he is unable to understand the proceedings due to a language difficulty." Mendoza v. United States, 755 F.3d 821, 827 (7th Cir. 2014). Some courts have "applied this standard to prison disciplinary hearings[.]" Mufid v. Watson, No. 2:21-CV-00097, 2021 WL 6297590, at *2 (S.D. Ind. Dec. 15, 2021) (citing Jose-Nicolas v. Berry, 3:15-cv-964, 2018 WL 1466769, *6 (S.D. Ill. 2018) (collecting cases)). However, other courts have not found a due process right is violated or even attaches if a translator is not provided during disciplinary proceedings. Valle-Agront v. English, Case No.: 5:15cv261, 2016 WL 2641781, at *6 (N.D. Fla. Mar. 22, 2016) (finding allegation of lack of translator not a due process violation, in part because petitioner did not show the lack of a translator at the disciplinary hearing prejudiced his defense); see also Encarnacion-Montero v. Sanders, No. LA

4

CV 12-05262, 2015 WL 3823891, at *4 (C.D. Cal. June 18, 2015) (quoting United States v. Loughner, 672 F.3d 731, 756 (9th Cir. 2012) ("'[T]he mere fact that a party can design a set of more expansive procedures,' such as an interpreter, 'does not entitle him to such process. The fact that [petitioner] can conceive of more process does not entitle him to it as the process that is due."); Franklin v. District of Columbia, 163 F.3d 625, 631 (D.C. Cir. 1998) (holding the failure to provide interpreters to Spanish speaking prisoners for disciplinary proceedings did not violate due process because they did not suffer a loss of liberty).

Diaz has not identified any United States Supreme Court or Eleventh Circuit precedent holding a prisoner's constitutional right to due process at a prison disciplinary hearing requires the prison to provide an interpreter. This Court has not found any binding caselaw supporting such a requirement, and this Court certainly found no caselaw in support of Diaz's claim he was entitled to have a translator during the *investigation* of disciplinary charges.[3] Furthermore, Diaz has not claimed he suffered any discernible prejudice from the lack of translator assistance during the investigation portion of the disciplinary proceedings. In short, Diaz has not shown a violation of any process he was due at any time during the disciplinary process.

---

[3] The cases Diaz cites in his Response do not show an inmate is entitled to a translator during the investigation portion of disciplinary proceedings, even if these cases were of precedential value here. For instance, in Powell v. Ward, 487 F. Supp. 917, 932 (S.D.N.Y. 1980), the district court determined "due process requires Spanish speaking inmates who cannot read and understand English must be given notice and statements in Spanish or provided with a translator, who should be present at the hearing . . . ."); see also Bonner v. Ariz. Dep't of Corr., 714 F. Supp. 420, 425–26 (D. Ariz. 1989) (finding a deaf, mute, and vision-impaired inmate must have a qualified sign language interpreter during disciplinary hearings given "the mandatory nature of procedural rules governing the administration of discipline."). Indeed, Diaz recognizes he was provided with a translator during his hearing. Doc. 1 at 7. Diaz also cites Franklin v. District of Columbia, 960 F. Supp. 394 (D.C. Cir. 1997), which was reversed in part by Franklin v. District of Columbia, 163 F.3d 625 (D.C. Cir. 1998), which the Court cites to show Diaz has not shown a due process violation.

### C. Some Evidence Supports the DHO's Findings

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).[4] "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Diaz committed the charged offense of possession of alcohol is supported by "some evidence." Specifically, DHO Humphrey considered eyewitness accounts, still photographs of the recovered contraband, staff memoranda, and the alcohol test which indicated the substance found was alcohol. Doc. 6-1 at 4, 10–15. The record before the Court shows Diaz received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit.

---

[4] The "some evidence" standard is a requirement of procedural, not substantive, due process. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in Wolff and Hill "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

Thus, the Court should **GRANT** this portion of Respondent's Motion and **DENY** this portion of Diaz's Petition.

## II. Failure to Follow Program Statement

Diaz contends the BOP violated its Program Statement by not providing a translator during the "initial process of the investigation[.]" Doc. 1 at 6. Respondent argues habeas provides no avenue for relief when the BOP simply fails to follow its own Program Statement. Id. at 10–11.[5]

A violation of a Program Statement or other policy is not a constitutional violation or violation of substantive law. Jones v. Corizon, No. 2:12-cv-786, 2015 WL 5013954, at *18 (M.D. Ala. Aug. 18, 2015) (stating the circumvention of departmental regulations or policies does not assert a violation of an inmate's constitutional rights (citing Sandin v. Conner, 515 U.S. 472 (1995), and Harris v. Birmingham Bd. of Educ., 817 F.2d 1525 (11th Cir. 1987))); Le v. Augustine, No. 5:12cv377, 2013 WL 2250142, at *7 (N.D. Fla. May 22, 2013) (finding Program Statements are "BOP policies, guidelines or interpretive rules, not substantive law[,]" and violations of these Program Statements are not violations of federal law that can be sustained in a habeas petition); see also Wallace v. Fed. Det. Ctr., 528 F. App'x 160, 162–63 (3d Cir. 2013) (finding no due process violation and no prejudice to petitioner even if a regulation had been violated); Abbadessa v. Haynes, Civil Action No. CV211-084, 2011 WL 6004330, at *3 (S.D. Ga. July 15, 2011) (noting even if the petitioner could show a violation of a BOP Program Statement, "this would show only a failure to comply with the ideal set forth in a BOP policy. It would not demonstrate a violation of a constitutional right"); see also Burgess v. Taylor, 647

---

[5] Respondent initially stated Diaz exhausted his administrative remedies, doc. 6 at 3, but in his Reply, Respondent suggests Diaz did not exhaust his administrative remedies relating to his claim he was not provided a translator during the investigation process, doc. 11. Regardless, Respondent has not moved for the dismissal of Diaz's Petition based on Diaz's failure to exhaust administrative remedies.

7

F. App'x 952, 953 (11th Cir. 2016) (upholding district court's conclusion the petitioner received all due process protections required). What is more, Diaz does not cite to a particular Program Statement the BOP violated and, even if he had, he still could not bring a successful § 2241 claim on this basis.

Because Diaz claims the BOP violated its Program Statement by failing to provide a translator during the investigative process, he does not state a claim for relief under § 2241. Thus, I **RECOMMEND** the Court **GRANT** this portion of Respondent's Motion to Dismiss and **DENY** Diaz's § 2241 Petition.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Diaz leave to appeal *in forma pauperis*. Though Diaz has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit

either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Diaz's Petition and the responsive filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Diaz *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Diaz's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Diaz leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of February, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA